UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PEARL CORPORATION, et al. ) | |
| ) | |
| v. ) | NO. 3:13-0279 |
| ) | JUDGE CAMPBELL |
| RANDALL MAY INTERNATIONAL, INC. ) | |

MEMORANDUM

Pending before the Court are Defendant's Motion To Dismiss Or Transfer (Docket No. 21) and Plaintiffs' Motion To Strike (Docket No. 31).

Plaintiffs' Motion To Strike (Docket No. 31) is DENIED, as the Court concludes that the challenged language does not violate the provisions of Fed.R.Civ.P. 12(f) or Fed.R.Evid. 408.

For the reasons stated herein, Defendant's Motion To Dismiss Or Transfer (Docket No. 21) is GRANTED in part and DENIED in part. The request to dismiss is DENIED, and the request to transfer is GRANTED. Accordingly, this action is TRANSFERRED to the U.S. District Court for the Central District of California, as related to the pending case of *Randall May International, Inc. v. Pearl Corp., and Pearl Musical Instrument Co.,* Case No. SACV13-00016 JVS (RNBx).

FACTS

From 1987 to 2009, Defendant sold patented products to the Plaintiffs for resell to Plaintiffs' customers. (Affidavit of Randall May, at ¶ 3 (Docket No. 23)). Defendant claims that when the business relationship ended, the Plaintiffs began to sell substitute products that infringed its patent. (Id., at ¶ 4). On January 4, 2013, Defendant sued the Plaintiffs in the District Court for the Central District of California alleging patent infringement. (Docket No. 22-1).

After suit was filed, representatives of the parties attempted to negotiate a settlement. (May Affidavit, at ¶¶ 5-7).  When settlement discussions broke down, the Plaintiffs filed this action, on March 29, 2013, bringing claims for trademark infringement, unfair competition, and related causes of action based on Defendant's alleged continued use of the Plaintiffs' trademark after the parties' business relationship ended. (Docket No. 1). On April 4, 2013, Defendant amended its Complaint in the California action to add a claim for a declaratory judgment that it was not liable for Plaintiffs' trademark infringement, unfair competition or other related causes of action. (Docket No. 25-2).  Defendant now seeks to dismiss this action or transfer it to join the California action.

FIRST-TO-FILE

Defendant contends that because the California action was filed first, and because both actions arise out of the business relationship between the parties, this action should be dismissed or transferred to California.

The first-to-file rule is a doctrine of federal comity that promotes judicial efficiency. *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F.Supp. 2d 686, 688 (E.D. Tenn. 2005). The most basic aspect of the first-to-file rule is that it is discretionary.  *Plating Resources, Inc. v. UTI Corp.*, 47 F. Supp.2d 899, 903 (N.D. Ohio 1999); *Sony/ATV Music Publishing, LLC v. KTS Karaoke, Inc.*, 2012 WL 1267980 at * 1 (M.D. Tenn. April 16, 2012). There is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule. *Id.*

In determining whether actions are duplicative and the first-to-file rule applies, courts consider (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake.  *Fuller*, 370 F.Supp.2d at 688.  The parties and issues need not

be identical. *Id.* Rather, the crucial inquiry is whether the parties and issues substantially overlap. *Id.*

The Sixth Circuit has held that a duplicative suit is one in which the issues have such an identity that a determination in one action leaves little or nothing to be determined in the other. *Gibson Guitar Corp. v. Wal-Mart Stores, Inc.*, 2008 WL 3472181 at * 6 (M.D. Tenn. Aug. 8, 2008); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). After a court applies the first-to-file doctrine, the court has discretion to transfer the duplicative suit, issue a stay, or dismiss the complaint. *SNMP Research, Inc. v. AVAYA, Inc.*, 2013 WL 474846 at * 3 (E.D. Tenn. Feb. 7, 2013).

In this case, the California action was clearly filed first – three months earlier than this action. As for the other factors, the Court finds that the parties and issues of this case substantially overlap those of the California action. The parties in both cases are identical, and the trademark and unfair competition claims brought in this action are now the subject of a declaratory judgment in the California case. In addition, the Plaintiffs may raise their claims as counterclaims in the California action.

Both actions involve issues that grew out of the terminated business relationship between the parties. If both actions are litigated at the same time, there is a significant possibility of inconsistent rulings. To the extent there are differences in the two actions, those differences are not sufficient to overcome the substantial similarities. Plaintiffs have not shown any special circumstances warranting an exception to the first-to-file rule in this case. *See, e.g., Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Associates, Inc.,* 16 F. App'x 433, 437, 2001 WL 897452 (6th Cir. 2001).

CONCLUSION

For these reasons, the Court grants Defendant's request to transfer this action to the Central District of California.

IT IS SO ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE